2001 ME 164

**STATE of Maine**

v.

**David MANTER.**

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2001.
Decided: Nov. 29, 2001.

David W. Crook, District Attorney, Paul Rucha, Asst. Dist. Attorney (orally), Augusta, for State.

William Maselli, Stephen M. Brochu (orally), Law Offices of William Maselli, Auburn, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

DANA, J.

[¶ 1] David Manter appeals from the judgment entered in the Superior Court (Kennebec County, *Studstrup, J.*) affirming his conviction in the District Court (Augusta, *Perry, J.*) on two counts of contempt, M.R. Civ. P. 66(c), and one count of violating a condition of release, 15 M.R.S.A. § 1092 (Supp.2000).[1] Manter argues that the contempt procedures provided in Rule 66 of the Maine Rules of Civil Procedure are unconstitutionally vague, the trial court lacked jurisdiction to hear the case, and the evidence was insufficient to convict him of violating a condition of his release.[2] We affirm the judgment.

[¶ 2] The testimony presented at trial and the procedural history of the present dispute may be summarized as follows: Following the termination of a separate civil proceeding, the Superior Court (Kennebec County, *Marden, J.*) issued an order permanently enjoining Manter from "taking any action which interferes in any way with … the public's use of the Young Road." Despite this injunction, Manter placed a no trespassing sign in the middle of the road. He was promptly arrested for obstructing a public way and was then released on bail with the condition that he remove the sign and obstruct Young Road no further. Several months later, Jody Pease was attempting to use Young Road when Manter prevented him from doing so by standing in the road and refusing to move. Pease testified that Manter shouted at him and insisted that the road was his. Pease also explained that an unidentified parked car blocked the road.

[¶ 3] At the court's request, the Kennebec County District Attorney's Office filed a complaint for two counts of contempt in accordance with M.R. Civ. P. 66(c)(2)(B). He was also prosecuted for violating a condition of his earlier release.

[¶ 4] The District Court adjudicated Manter to be in contempt on two counts and found him guilty of violating a condition of release.[3] Manter's appeal to the Superior Court resulted in an affirmance. Manter then filed this appeal. Because the Superior Court acted as an intermediate appellate court, we review the decision of the District Court directly. *State v. Black*, 2000 ME 211, ¶ 13, 763 A.2d 109.

[¶ 5] Manter argues that Rule 66 of the Maine Rules of Civil Procedure is unconstitutionally vague because it does not clearly indicate whether contempt cases should be tried as civil or criminal matters. He also argues that criminal contempt charges must proceed pursuant to Rule 42 of the Maine Rules of Criminal Procedure. Because the State cited only Rule 66 of the Maine Rules of Civil Procedure, he contends the trial court was without jurisdiction to hear the case.[4] Con-

---

1. Section 1092 provides that "[a] defendant who has been granted preconviction or postconviction bail and who, in fact, violates a condition of release is guilty of a Class E crime." 15 M.R.S.A. § 1092.

2. Manter, acting pro se, also raised six other frivolous issues that do not merit discussion.

3. The court sentenced Manter to ten days in the Kennebec County Jail on each count to be served concurrently.

4. Relying on 14 M.R.S.A. § 251 (1980 & Supp.2000), Manter also argues that the court was without jurisdiction to try the contempt charge because the complaint was not made under oath or supported by an affidavit. Contrary to his contention, however, section 251 does not require that a complaint be made under oath or supported by an affidavit. The contempt rules provide that a complaint must be made in accordance with the Maine Rules of Criminal Procedure. M.R. Civ. P. 66(c)(2)(C). Those rules provide that a complaint must "be made upon oath before a District Court judge or other officer empowered to issue warrants against persons charged with offenses against the state."

trary to his contentions, however, we no longer categorize contempt as either "civil" or "criminal" but, rather, as "punitive" or "remedial." *See generally* M.R. Civ. P. 66(a)(2)(B) and (C) (defining punitive and remedial sanctions): M.R.Crim. P. 42(a)(2)(B) and (C) (same). Rule 66 authorizes plenary proceedings for punitive sanctions and provides that these proceedings proceed "as provided by the Maine Rules of Criminal Procedure for the prosecution of a Class D crime." M.R. Civ. P. 66(c)(2). In the present case, the State complied with these provisions, and, therefore, the record shows no constitutional or procedural deficiency.

[¶ 6] Finally, Manter argues that the evidence was insufficient to support his conviction for violating a condition of his release because the testimony shows that Jody Pease was prevented from passing over Young Road by an unidentified parked car and not by Manter's actions.[5] To show that Manter violated a condition of his release, the State was simply required to show that he obstructed Young Road. Pease testified that Manter prevented him from passing over Young Road by standing in the road, refusing to move, shouting at Pease, and insisting that the road was his. Thus, regardless of what other obstructions may have been in the road, the testimony supports the finding that Manter obstructed Young Road.

The entry is:

Judgment affirmed.

---

M.R.Crim. P. 3(b). The complaint, in the present case, was sworn before an officer of the court, and, therefore, it reveals no jurisdictional defect.

5. When we review challenges to the sufficiency of the evidence, we view the evidence "in the light most favorable to the State to determine whether a fact-finder rationally could find every element of the charge beyond a reasonable doubt." *State v. Robinson*, 2001 ME 83, ¶ 19, 773 A.2d 445.